IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
PINE BLUFF DIVISION


CLIFTON LIGGINS                                          PETITIONER


vs.                    Civil Case No. 5:04CV00078 HLJ


LARRY NORRIS, Director,
Arkansas Department of Correction                       RESPONDENT

## PROPOSED FINDINGS AND RECOMMENDATIONS

### INSTRUCTIONS

The following recommended disposition has been sent to United States District Court Judge James M. Moody.  Any party may serve and file written objections to this recommendation.  Objections should be specific and should include the factual or legal basis for the objection.  If the objection is to a factual finding, specifically identify that finding and the evidence that supports your objection.  An original and one copy of your objections must be received in the office of the United States District Court Clerk no later than eleven (11) days from the date of the findings and recommendations.  The copy will be furnished to the opposing party. Failure to file timely objections may result in waiver of the right to appeal questions of fact.

If you are objecting to the recommendation and also desire to submit new, different, or additional evidence, and to have a hearing for this purpose before the District Judge, you must, at the same time that you file your written objections, include the following:

1.  Why the record made before the Magistrate Judge is inadequate.

2.  Why the evidence proffered at the hearing before the District Judge (if such a hearing is granted) was not offered at the hearing before the Magistrate Judge.

3.  The detail of any testimony desired to be introduced at the hearing before the District Judge in the form of an offer of proof, and a copy, or the original, of any documentary or other non-testimonial evidence desired to be introduced at the hearing before the District Judge.

From this submission, the District Judge will determine the necessity for an additional evidentiary hearing, either before the Magistrate Judge or before the District Judge.

Mail your objections and "Statement of Necessity" to:

Clerk, United States District Court
Eastern District of Arkansas
600 West Capitol Avenue, Suite 402
Little Rock, AR 72201-3325

## DISPOSITION

Now before the court is a petition for a writ of habeas corpus under 28 U.S.C. § 2254 by Clifton Liggins, an inmate of the Arkansas Department of Correction. Petitioner was convicted by a jury on March 4, 2003, of sixteen counts of breaking or entering and one count of theft of property and received a sentence totaling thirty years imprisonment. The Arkansas Court of Appeals affirmed his sentences on January 7, 2004 (Respondent's Exhibit 2). Petitioner did not seek post-conviction relief under Rule 37 of the Arkansas Rules of Criminal Procedure.

2

In the present petition, he raises the following grounds for relief:

1.   Appellate counsel was ineffective because he would not raise ineffective assistance of counsel on direct appeal;

2.   Trial counsel was ineffective in that he

A.   failed to object on the basis of insufficient evidence and/or lack of specificity in the "BOLO" bulletin issued by law enforcement authorities with regard to the description of the vehicle and the identification of the driver as "white" and the passenger as a "black" female;

B.   failed to attack the credibility or impeach the testimony of the arresting officer, Lance Blagg, who gave contradicting testimony numerous times;

C.   failed to object to a warrantless search by the arresting officer, as he did not advise Petitioner of his right to refuse consent for a search of the vehicle and he did not have a valid search warrant;

D.   failed to impeach the testimony of Sgt. Donaldson, the officer who transmitted the faulty "BOLO,"(be on the lookout), the complainant Ms. Nolan, or the criminal investigator, Charles Blevins, who all gave conflicting testimony throughout the trial;

E.   failed to object to the fact that Petitioner was stopped in Lincoln County and ordered by the officer to drive the U-Haul truck into Desha County, which is in another jurisdiction, without being under arrest, signing any extradition papers or being informed of his constitutional rights; and

F.   failed to raise the fact that the arresting officer violated Rule 3.1 of the Arkansas Rules of Criminal Procedure by detaining Petitioner for more than forty-five

3

minutes on the side of the road and for an hour in the parking lot of the police station during a routine traffic stop;

3. The trial court abused its discretion by allowing the prosecutor to impeach his testimony with his prior criminal history; and

4. The trial court erred in denying his motion to suppress evidence based on lack of probable cause for a traffic stop, search and arrest because the "BOLO" bulletin gave a generic description of the vehicle, the driver and the passenger.[1]

I.

None of Petitioner's claims of ineffective assistance of counsel are properly before this court, because he did not raise them in state court. Abdullah v. Groose, 75 F.3d 408, 411 (8th Cir.), cert. denied, 517 U.S. 1215 (1996). If a petitioner has not fairly presented his claims to the state courts, or has not presented them in a procedurally correct manner, Wainwright v. Sykes, 433 U.S. 72, 87 (1977), requires him to demonstrate adequate cause for this default and actual prejudice resulting from the

---

[1]   Petitioner attempted to raise here the claim that he was sentenced in violation of Blakely v. Washington, 124 S.Ct. 2531 (2004), but in an Order entered on May 25, 2005, the court denied permission for Petitioner to amend to add this allegation.  In an Order entered on June 15, 2005, the court mistakenly directed Petitioner to amend to add specific allegations in support of his Blakely claim and the Respondent to respond.  Petitioner does not refer to Blakely in the petition he filed on July 15, 2005.  In any event, Petitioner would not be entitled to relief under Blakely because the Supreme Court has not made that case retroactive to cases on collateral review.  Never Misses a Shot, 413 F.3d 781 (8th Cir. 2005).

constitutional violation he asserts.  <u>Murray v. Carrier</u>, 477 U.S. 478, 488 (1986).  In order to establish cause, a petitioner must show "some objective factor external to the defense impeded counsel's efforts to comply with a State's procedural rule," such as "a showing that the factual or legal basis for the claim was not reasonably available," or that "interference by officials made compliance impracticable."  <u>Id.</u>  In Arkansas, a defendant must present his claims of ineffective assistance of counsel in a motion for post-conviction relief under Rule 37 of the Arkansas Rules of Criminal Procedure.  Petitioner asserts appellate counsel would not assert the claims on direct appeal, but he does not explain why he did not raise the claims himself in a Rule 37 motion.  <u>See</u> <u>Smittie v. Lockhart</u>, 843 F.2d 295 (8th Cir. 1988)(holding that petitioner's pro se status in post-conviction proceedings is not sufficient cause for a procedural default, even if he has a low educational level); <u>Vasquez v. Lockhart</u>, 867 F.2d 1056 (8th Cir. 1988), <u>cert</u>. <u>denied</u>, 490 U.S. 110 (1989)(holding that petitioner's pro se status and lack of familiarity with the language and the court system is not sufficient cause for a procedural default); <u>Williams v. Lockhart</u>, 873 F.2d 1129, 1130 (8th Cir.), <u>cert</u>. <u>denied</u>, 493 U.S. 942 (1989)(holding that ignorance of the law is not sufficient cause to excuse a <u>pro</u> <u>se</u> petitioner's failure to file a post-conviction motion under Rule 37).  Thus, I find Petitioner has not

established sufficient cause for his default and the claims are procedurally defaulted.

A claim of "actual innocence" may excuse a petitioner from showing cause for his failure to raise an issue previously, and is a "gateway through which a habeas petitioner must pass" before the court may consider procedurally defaulted claims. <u>Schlup v. Delo</u>, 513 U.S. 298 (1995). <u>Schlup</u> requires a petitioner to present "new reliable evidence--whether it be exculpatory scientific evidence, trustworthy eyewitness accounts, or critical physical evidence" to establish his innocence. <u>Id</u>. at 324. Petitioner has not asserted any evidence to suggest his actual innocence and, thus, there is no basis for allowing him to pass through the gateway. Grounds one and two are procedurally barred and may not be considered by this court.

## II.

Ground three is the claim that the trial court abused its discretion by allowing the prosecutor to impeach Petitioner's testimony with his prior criminal history. On direct appeal, the Arkansas Court of Appeals made the following statement of the case:

> On July 8, 2002, Sergeant Jamie Donaldson of the Dumas Police Department was dispatched to a local mini-storage building after Kerry Nolan reported that someone had broken into her storage unit. When the officer arrived at the storage building, Ms. Nolan informed him that when she arrived at her storage unit she saw a "van type U-Haul" blocking her unit and that a black male and a black female were loading items into the U-Haul. She also

6

said that she found the lock cut off her unit and that several items were missing from inside. Ms. Nolan indicated that she had last seen the U-Haul traveling north on Highway 65. Sergeant Donaldson sent out a "NCIC-ACIC BOLO" (BOLO) to the surrounding areas for the vehicle and two suspects. He described the suspects as a black male and black female driving a U-Haul. Following the BOLO, Sergeant Donaldson called Officer Charles Blevins for backup.

Officer Lance Blagg of the Grady Police Department received the BOLO and while he was performing a traffic stop, a U-Haul containing a black male and black female passed him. Upon completing the traffic stop, Officer Blagg pursued the U-Haul and initiated a traffic stop. Officer Blagg informed the driver that the Dumas Police Department was looking for the U-Haul. Officer Blagg said that appellant gave him his name and driver's license. Appellant then complied with Officer Blagg's request to follow him to the police station. Officer Blagg detained appellant and his passenger until Officer Blevins arrived.

Officer Blevins was accompanied by Ms. Nolan. When they arrived, appellant got out of the U-Haul and Ms. Nolan identified him as the man she had seen at the mini-storage building. Appellant consented to a search of the U-Haul. Inside, Officer Blevins found a couch, television, and other items. Ms. Nolan's items were found in the front of the U-Haul. Officer Blevins took appellant and the passenger into custody and had the U-Haul towed back to Dumas.  Appellant was subsequently charged with sixteen counts of breaking or entering and one count of theft of property.

<u>Liggins v. State</u>, 2004 WL 33627, *1 (Ark.App. Jan.7, 2004)(Respondent's Exhibit 2).

Prior to Petitioner's testimony in the guilt phase of the trial, counsel objected to the prosecution's planned use of prior convictions to impeach him on cross-examination.  The court overruled his objection, Petitioner testified and the prosecutor cross-examined him and presented the evidence of his prior

convictions.  Defense counsel requested, and the trial court gave, the following instruction to the jury:

> Ladies and gentlemen, I'm going to give you instructions now on previous conviction for impeachment purposes.  The instruction is that evidence that a witness has previously been convicted of a crime or crimes may be considered by you for the purpose of judging the credibility of the witness but not as evidence of guilt of the Defendant.

Respondent's Exhibit 5, p. 377.

On appeal, the Arkansas Court of Appeals found as follows:

Rule 609(a) of the Arkansas Rules of Evidence provides:

> For the purpose of attacking the credibility of a witness, evidence that he has been convicted of a crime shall be admitted but only if the crime (1) was punishable by death or imprisonment in excess of one [1] year under the law under which he was convicted, and the court determines that the probative value of admitting this evidence outweighs its prejudicial effect to a party or a witness, or (2) involved dishonesty or false statement, regardless of the punishment.

Rule 609 gives the State the right to impeach the credibility of a witness. <u>Turner v. State</u>, 325 Ark. 237, 926 S.W.2d 843 (1996). However, the trial court has considerable discretion in determining whether the probative value of prior convictions outweighs their prejudicial effect, and that decision will not be reversed absent an abuse of discretion. <u>Id.</u>

The admissibility of a prior conviction for impeachment purposes is to be determined on a case-by-case basis. <u>Schalski v. State</u>, 322 Ark. 63, 907 S.W.2d 693 (1995). Factors to consider include the impeachment value of the prior crime, the date of the conviction and the defendant's subsequent history, the similarity between the prior conviction and the crime charged, the importance of the defendant's testimony, and the centrality of the credibility issue. <u>Id.</u> This court has consistently allowed prior convictions to be used for

impeachment purposes, even when the convictions are for similar crimes to those charged. Id.

Appellant had twelve prior felony convictions in the State of Arkansas. These included ten convictions for felony burglaries and thefts of property, one conviction for possession of a firearm and one conviction for possession of a controlled substance. The burglary and theft-of-property convictions are substantially similar to the crimes charged. Under these circumstances we cannot conclude that the trail court abused its discretion when it allowed the State to impeach appellant with his prior felony convictions.

Liggins v. State, 2004 WL 33627, *3 (Ark.App.Jan.7,2004)

(Respondent's Exhibit 2).  The Anti-Terrorism and Effective Death

Penalty Act

provides that, when a habeas petitioner's claim has been adjudicated on the merits in state-court proceedings, a federal court may not grant relief unless the state court's adjudication of the claim "resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States." 28 U.S.C. § 2254(d)(1). A state-court decision is contrary to this Court's clearly established precedents if it applies a rule that contradicts the governing law set forth in our cases, or if it confronts a set of facts that is materially indistinguishable from a decision of this Court but reaches a different result. Williams v. Taylor, supra, at 405, 120 S.Ct. 1495; Early v. Packer, 537 U.S. 3, 8, 123 S.Ct. 362, 154 L.Ed.2d 263 (2002)(per curiam). A state-court decision involves an unreasonable application of this Court's clearly established precedents if the state court applies this Court's precedents to the facts in an objectively unreasonable manner. Williams v. Taylor, supra, at 405, 120 S.Ct. 1495; Woodford v. Visciotti, 537 U.S. 19, 24-25, 123 S.Ct. 357, 154 L.Ed.2d 279 (2002) (per curiam).

Brown v. Payton, ___ U.S. ___, 125 S.Ct. 1432, 1438 -1439 (2005).

The question of whether the admission of evidence violates

Arkansas' rules of evidence is merely a matter of state law, and is

not subject to review in federal habeas corpus proceedings. Estelle v. McGuire, 502 U.S. 62, 67 (1991). Moreover, the Eighth Circuit has found the admission of prior convictions for purposes of impeachment, in and of itself, does not raise a specific federal constitutional question. Amos v. State of Minn., 849 F.2d 1070, 1073 (8th Cir. 1988). In addition, the Federal Rules of Evidence contain an almost identical rule allowing impeachment in federal courts with prior convictions.[2] As the Supreme Court has explained,

> both the Government and the defendant in a criminal trial must make choices as the trial progresses. For example, the defendant must decide whether or not to take the stand in her own behalf. If she has an innocent or mitigating explanation for evidence that might otherwise incriminate, acquittal may be more likely if she takes the stand. Here, for example, Ohler testified that she had no knowledge of the marijuana discovered in the van, that the van had been taken to Mexico without her permission, and that she had gone there simply to retrieve the van. But once the defendant testifies, she is subject to cross-examination, including impeachment by prior convictions, and the decision to take the stand may prove damaging instead of helpful. A defendant has a further choice to make if she decides to testify, notwithstanding a prior conviction. The defendant must choose whether to introduce the conviction on direct examination and remove the sting or to take her chances

---

[2] Rule 609(a) provides: "For the purpose of attacking the credibility of a witness, (1) evidence that a witness other than an accused has been convicted of a crime shall be admitted, subject to Rule 403, if the crime was punishable by death or imprisonment in excess of one year under the law under which the witness was convicted, and evidence that an accused has been convicted of such a crime shall be admitted if the court determines that the probative value of admitting this evidence outweighs its prejudicial effect to the accused...."

with the prosecutor's possible elicitation of the conviction on cross-examination.

* * *

[A]s we said in <u>McGautha v. California</u>, 402 U.S. 183, 215, 91 S.Ct. 1454, 28 L.Ed.2d 711 (1971): "It has long been held that a defendant who takes the stand in his own behalf cannot then claim the privilege against cross-examination on matters reasonably related to the subject matter of his direct examination.... It is not thought overly harsh in such situations to require that the determination whether to waive the privilege take into account the matters which may be brought out on cross-examination. It is also generally recognized that a defendant who takes the stand in his own behalf may be impeached by proof of prior convictions or the like.... Again, it is not thought inconsistent with the enlightened administration of criminal justice to require the defendant to weigh such pros and cons in deciding whether to testify."

<u>Ohler v. U.S.</u>, 529 U.S. 753, 757-758 (2000).

The state court's ruling was not contrary to Supreme Court precedent. The only question is whether the court's denial of the claim was objectively unreasonable.

On cross-examination, Petitioner admitted to all of the prior convictions, and he admitted he was present at the scene of the crime on the night in question. When the police stopped him, he was driving a U-haul containing furniture and other items that had been stolen from storage units. Two witnesses identified him as the person they saw removing some of the items from one of the units. Petitioner denied any connection with the truck or with removing the items from the units. After the prosecution's cross-examination, the trial court instructed the jury that the prior

convictions were only to be considered by them as evidence of Petitioner's credibility.  It was not unreasonable for the Arkansas Court of Appeals to find the trial court did not abuse its discretion in allowing Petitioner's impeachment with his prior convictions.


III.

Petitioner's fourth claim is that the trial court erred in denying his motion to suppress.  In Stone v. Powell, 428 U.S. 465 (1976), the Supreme Court held that "where the State has provided an opportunity for full and fair litigation of a Fourth Amendment claim, a state prisoner may not be granted federal habeas corpus relief on the ground that evidence obtained in an unconstitutional search or seizure was introduced at trial."  Id. at 482.

> It is the existence of state processes allowing an
> opportunity for full and fair litigation of fourth
> amendment claims, rather than a defendant's use of those
> processes, that bars federal habeas corpus consideration
> of claims under Stone.  "[I]f state procedures afford the
> defendant in a criminal case the opportunity to [fully
> and fairly] litigate whether evidence obtained in
> violation of the fourth amendment should be excluded ...
> then Stone v. Powell precludes federal habeas corpus
> consideration of those issues whether or not the
> defendant avails himself of that opportunity."

Lenza v. Wyrick, 665 F.2d 804, 808 (8th Cir. 1981).  "The Stone bar applies despite a state court's error in deciding the merits of a defendant's fourth amendment claim."  Id.  The only inquiry is

whether the state has provided an opportunity for full and fair hearing, or "the prisoner was foreclosed from using that procedure because of an unconscionable breakdown in the system." <u>Willet v. Lockhart</u>, 37 F.3d 1265, 1273 (8th Cir. 1994).  Not only did Arkansas provide a full and fair opportunity for Petitioner to present his Fourth Amendment claims, but he availed himself of those procedures.  He merely disagrees with the outcome. Petitioner is not entitled to relief on ground four.

IT IS THEREFORE ORDERED that this petition be, and it is hereby, dismissed with prejudice.  The relief prayed for is denied. Petitioner's request for an evidentiary hearing (DE # 13) is denied.

SO ORDERED this 31st day of August, 2005.

_Henry L. Jones, Jr._
United States Magistrate Judge